| | |
|---|---|
| RICHARD WILLIAM BREINHOLT AND SUSAN LYN BREINHOLT<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICES, LLC, A FINANCIAL INSTITUTION UNREGISTERED IN IDAHO; UNKNOWN OCWEN AGENTS AND COUNSELS JOHN AND JANE DOES I-XX;<br><br>Defendants. | Case No.: 1:16-CV-00455-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS**<br>**(Docket No. 13)**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br>**(Docket No. 4)**<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE FOR LACK OF RELEVANCY**<br>**(Docket No. 17)** |

Now pending before the Court are the following motions: (1) Defendant's Motion to Dismiss (Docket No. 13); (2) Plaintiffs' Motion for Preliminary Injunction (Docket No. 4); and (3) Plaintiffs' Motion to Strike Defendant's Request to Take Judicial Notice for Lack of Relevancy (Docket No. 17). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation as to Defendant's Motion to Dismiss, and Memorandum Decision and Order as to Plaintiffs' Motion for Preliminary Injunction and Motion to Strike:

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 1**

# BACKGROUND[1]

1.  On or around August 30, 2005, in consideration for a mortgage loan, Plaintiffs Richard William Breinholt and Susan Lyn Breinholt ("Breinholts" or "Plaintiffs") executed a promissory note ("Note"). The Note was secured by a Deed of Trust on the real property located at 1976 East Star Lane, Meridian, Idaho 83642 ("Property"). Plaintiffs defaulted on their Note and Deed of Trust, and the Property was subsequently sold at a non-judicial foreclosure sale on or about May 21, 2009. *See* Tait Aff. at ¶¶ 2-3, attached as Ex. A to Request for Judicial Notice ("RFJN") (Docket No. 11, Att. 1).[2]

2.  On June 17, 2009, Plaintiffs (represented by an attorney) brought suit in Idaho state court, contesting the validity of the non-judicial foreclosure ("2009 State Court Action").[3]

---

[1] There are many moving parts leading up to this point in this case. This Report and Recommendation/Memorandum Decision and Order highlights the salient factual backdrop in paragraph format, organized more-or-less chronologically. However, in certain instances, events are listed out of chronological order and mentioned in the context of the matter discussed at that time so as to avoid confusion.

[2] The exhibits attached to Defendant's Request for Judicial Notice (Exhibits A-J) are all matters of public record filed with either the (1) the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, (2) the United States District Court of the State of Idaho, or (3) the United States Court of Appeals, Ninth Circuit. "Documents on file with other courts and county recorders' offices are routinely subject to judicial notice" and do not convert a motion to dismiss into a motion for summary judgment. *Ridenour v. Bank of America, N.A.*, 23 F. Supp. 3d 1201, 1204 (D. Idaho 2014) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012)); *see also* Fed. R. Evid. 201(b)(c). Therefore, Defendant's Request for Judicial Notice (Docket No. 11) is granted, while Plaintiffs' Motion to Strike Defendant's Request to Take Judicial Notice for Lack of Relevancy (Docket No. 17) is denied.

[3] Plaintiffs' claims in the 2009 State Court Action included: Declaratory Judgment: No Foreclosure Sale (Count One); Breach of Trustee's Duties (Count Two); Forgery (Count Three); Fraud (Count Four); Theft (Count Five); Civil Conspiracy (Count Six); and Promissory and Equitable Estoppel (Count Seven). *See* Compl, attached as Ex. B to RFJN (Docket No. 11, Att. 2). Ultimately, Plaintiffs requested "[t]hat the Court award Plaintiffs the declaratory and injunctive relive sought herein . . . ." *Id*.

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 2**

Pursuant to a September 13, 2010 stipulation, the 2009 State Court Action was ultimately dismissed with prejudice on or around October 5, 2010. *See* Order of Dismissal with Prejudice, attached as Ex. B to RFJN (Docket No. 11, Att. 2).

       3.      On September 10, 2010, Plaintiffs (now representing themselves) filed a similar action in this Court, also contesting the validity of the non-judicial foreclosure ("2010 Federal Action").[4] On February 18, 2011, U.S. District Judge Edward J. Lodge[5] dismissed the 2010 Federal Action based, primarily, on the doctrine of *res judicata*. *See* 2/18/11 MDO, p. 7, attached as Ex. D to RFJN (Docket No. 11, Att. 4) ("The Court finds the three requirements of

---

[4] Plaintiffs' Complaint in the 2010 Federal Action is nearly incomprehensible. *See* Compl., attached as Ex. C to RFJN (Docket No. 11, Att. 3). Attempting to make sense of it, Judge Lodge described Plaintiffs' claims as follows:

> The Breinholts filed this action as pro se litigants. The Complaint alleges subject matter jurisdiction over the Truth in Lending Act ("TILA), Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 38A and federal foreclosure law. Plaintiff demands Defendant (but does not identify which defendant) to surrender the instrument related to the foreclosure action. It appears that Plaintiffs want Defendants to produce the original promissory note, mortgage and other loan documents related to the real property located at 1976 E. Star Lane, Meridian, Idaho. Plaintiffs appear to object to Defendants proceeding with non-judicial foreclosure without proving they are the true creditor and real party in interest. Plaintiffs allege Defendants (not certain which defendants) have committed fraud in their dealings with Plaintiff. Plaintiff seeks a temporary restraining order to stop foreclosure proceedings and request clear title to their home and $25,000 in legal fees, and over $10,000,000 in Truth in Lending violations.

2/18/11 MDO, p. 2, attached as Ex. D to RFJN (Docket No. 11, Att. 4).

[5] Presumably due to Judge Lodge's involvement in the 2010 Federal Action, Plaintiffs moved to disqualify Judge Lodge in this action. *See* Mot. to Disqualify (Docket No. 24); *see also* Decl. in Supp. of Mot. to Disqualify, ¶¶ 3-6 (Docket No. 24, Att. 1) ("Plaintiffs file a previous case 10-466-CV-MHW in which the subject house is the matter of the action. The honorable Judge Lodge presided on the case. The subject case is under appeal and is currently before the 9th circuit Court of appeals. The proceedings of the case is an obvious conflict of interest which would prejudice this case 1:16 cv 455 REB."). On May 23, 2017, Judge Lodge denied Plaintiffs' request that he be disqualified. *See* 5/23/17 Order (Docket No. 27).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 3**

*res judicata* are satisfied in this action: party identity, identity of issues, and a final judgment. Any new allegations or claims of recovery could have and should have been raised by Plaintiffs in their state court action [(the 2009 State Court Action)].") (internal citations omitted). Judge Lodge also dismissed Plaintiffs' TILA claims as barred by the applicable statute of limitations, and dismissed Plaintiffs' fraud, breach of fiduciary duty, and Fair Dept Collection Practices Act ("FDCPA") claims because the Plaintiffs' default on the underlying Note was undisputed. *See id*. ("Further, any claims pursuant to TILA are barred by the applicable statute of limitations. As to any claims in the Complaint for fraud, breach of fiduciary duty, or violation of Fair Debt Collections Act, the Court finds Plaintiffs have not provided legal authority to be able to recover on these claims since the TILA claims are time barred and the Breinholts' default on the underlying note for the Star Lane property is undisputed.") (internal citation omitted).[6]

4. The Trustee's Deed on the Property was recorded on April 11, 2011 in the Ada County Recorder's Office. *See* Tait Aff. at ¶ 4, attached as Ex. A to RFJN (Docket No. 11, Att. 1). A Notice to Quit was served on Plaintiffs on May 3, 2011. *See id*. Because Plaintiffs failed to vacate the Property within three days as directed in the Notice to Quit, on May 27, 2011, Deutsche Bank National Trust Company (as Trustee for the Residential Asset Securitization Trust 2005-A15, Mortgage Pass-Through Certificates, Series 2005-O Under the Pooling and Servicing Agreement Dated December 1, 2005) ("Trust") brought a civil action in Idaho state

---

[6] Judge Lodge issued a similar order on August 12, 2011, dismissing a different set of defendants from the 2010 Federal Action. *See* 8/12/11 Order, Case No. 1:10-cv-00466-EJL (Docket No. 52). On July 11, 2012, Judge Lodge issued another, similar order, dismissing a different defendant from the 2010 Federal Action. *See* 7/11/12 Order, Case No. 1:10-cv-00466-EJL (Docket No. 70). Also on July 11, 2012, Judge Lodge entered a Judgment, ordering that "Plaintiffs take nothing from the Defendants and this case is DISMISSED IN ITS ENTIRETY." 7/11/12 J., Case No. 1:10-cv-00466-EJL (Docket No. 71) (emphasis in original).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 4**

court to evict Plaintiffs from the Property ("2011 Eviction Action").[7] *See id.* at ¶¶ 4-5; *see also* Docket for Case No. CV-OC-2011-10414, attached as Ex. E to RFJN (Docket No. 11, Att. 5). On November 29, 2011, Fourth Judicial District Magistrate Judge Christopher Bieter granted the Trust's Motion for Summary Judgment in the state court 2011 Eviction Action, and later entered a Judgment and Order of Eviction on October 1, 2012. *See* Tait Aff. at ¶ 6, attached as Ex. A to RFJN (Docket No. 11, Att. 1) (citing to 10/1/12 J. and Order, attached as Ex. B thereto).

     5.     Plaintiffs appealed Judge Bieter's decision to the state district court and, on October 1, 2012, filed a Notice of Lis Pendens. *See id.* at ¶ 7.[8] On February 13, 2012, District Judge Kathryn A. Sticklin of the state court upheld Judge Bieter's Judgment and Order of Eviction. *See id.* (citing to 2/13/12 Mem. Dec. and Order, attached as Ex. D thereto) (though striking Plaintiffs' brief, concluding nonetheless: "The magistrate did not err in concluding that the Breinholts are barred by the doctrine of res judicata from relitigating their claims in this case. As noted by [(the Trust)], '[i]n the related state court [(2009 State Court Action)] and federal court [(2010 Federal Action)] actions, the Breinholts asserted claims that are identical to the arguments and/or claims raised in their Answer to [(the Trust's)] Complaint [in this case [(2011 Eviction Action)]] and again raised here on appeal. The courts have dismissed all of the claims contained in the prior actions with prejudice.'")).

     6.     On August 8, 2012, Plaintiffs filed a Notice of Appeal with the Ninth Circuit Court of Appeals, appealing the 2010 Federal Action. *See* Not. of Appeal, attached as Ex. H to

---

[7] As would be obvious, the Breinholts were actually the defendants in the 2011 Eviction Action, for ease of reference and continuity's sake, the undersigned will continue to identify the Breinholts simply as "Plaintiffs" throughout.

[8] On January 30, 2012, execution on Judge Bieter's October 1, 2012 Judgment and Order of Eviction was stayed pending resolution in state district court. *See* Tait Aff. at ¶ 8, attached as Ex. A to RFJN (Docket No. 11, Att. 1) (citing to 1/30/12 Order, attached as Ex. E thereto).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 5**

RFJN (Docket No. 11, Att. 8). On November 7, 2016, the Ninth Circuit affirmed Judge Lodge's dismissal of Plaintiffs' claims in the 2010 Federal Action, reasoning:

> The district court properly dismissed the Breinholts' claims against Aegis Wholesale Corporation, OneWest Bank, FSB, Tri-County Process Serving LLC . . . , Regional Trustee Services Corporation, and Pioneer Lender Trustee Services, LLC, as barred by the doctrine of res judicata because the Breinholts' claims were raised, or could have been raised, in a prior state court action between the parties or their privies that resulted in a final judgment on the merits.
>
> The district court properly dismissed the Breinholts' claims against Mortgage Electronic Registration Systems, Inc. . . ., TitleOne Corporation, Jennifer Tait, and Robinson Tait, P.S. because the Breinholts failed to allege facts sufficient to state any plausible claim for relief.

11/7/16 Mem., pp. 2-3, attached as Ex. I to RFJN (Docket No. 11, Att. 9).[9]

7. In the meantime, Plaintiffs appealed Judge Sticklin's February 13, 2012 decision in the 2011 Eviction Action. *See* Tait Aff. at ¶ 8, attached as Ex. A to RFJN (Docket No. 11, Att. 1).[10, 11] On December 3, 2014 (following the resolution of several procedural/jurisdictional issues (*see id*. at ¶¶ 8-11)), the Idaho Court of Appeals affirmed Judge Sticklin's order affirming

---

[9] On May 17, 2017, the Ninth Circuit denied Plaintiffs petition for panel rehearing and petition for rehearing en banc in the 2010 Federal Action. *See* 5/17/17 Order, Case No. 1:10-cv-00466-EJL (Docket No. 77) ("No further filings will be entertained in this closed case."). On May 25, 2017, the Ninth Circuit issued a Mandate, stating that "[t]he judgment of this Court, entered November 7, 2016, takes effect this date" and that "[t]his constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure." 5/25/17 Mandate (Docket No. 78).

[10] On May 15, 2013, Judge Sticklin ordered that the Judgment and Order of Eviction entered in the 2011 Eviction Action was stayed pending Plaintiffs' appeal to the Idaho Supreme Court. *See* Tait Aff. at ¶ 8, attached as Ex. A to RFJN (Docket No. 11, Att. 1) (citing to 5/15/13 Order, attached as Ex. F thereto).

[11] The four appeal issues were: (1) whether the state district court erred by not establishing the Trust's standing; (2) whether the state district court erred by striking Plaintiffs' appellate brief in their appeal to the state district court; (3) whether the unlawful detainer statute is unconstitutional, as applied to them; and (4) whether the state district court erred by taking the averments of the Trust's counsel as true. *See generally Deutsche Bank Nat. Trust Co. v. Breinholt*, 2014 WL 6804502 (Id. Ct. App. 2014).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 6**

Judge Bieter's grant of summary judgment in favor of the Trust. *See Deutsche Bank Nat. Trust Co. v. Breinholt*, 2014 WL 6804502 (Id. Ct. App. 2014).

8.   On June 16, 2016, the Trust filed motions in the 2011 Eviction Action to lift the January 30, 2012 (renewed on May 15, 2013) stay on eviction proceedings, to disburse funds in the Court's registry to the Trust, to issue a writ of restitution, and to expunge the Lis Pendens recorded with the Ada County Recorder. *See* Mot., attached as Ex. F to RFJN (Docket No. 11, Att. 6).[12] On August 17, 2016, Judge Bieter lifted the May 15, 2013 stay, ordered that all monies deposited in the Court's registry be released to the Trust, and that a writ of restitution of restitution be issued restoring possession of the Property to the Trust. *See* 8/17/16 Order, attached as Ex. G to RFJN (Docket No. 11, Att. 7).

9.   On August 25, 2016, Plaintiffs appealed Judge Bieter's August 17, 2016 order to the state district court. *See* Ex. J to RFJN (Docket No. 11, Att. 10).[13]

10.   On October 11, 2016, Plaintiffs filed the instant action in this Court against Defendant Ocwen Loan Services, LLC ("Ocwen" or "Defendant").[14] Within their Complaint,

---

[12] Procedurally speaking, a lot happened between the Court of Appeals of Idaho's December 3, 2014 decision and this point in time. On December 24, 2014, Plaintiffs filed a Motion for Rehearing, which the Idaho Supreme Court denied on January 16, 2015. *See* Tait Aff. at ¶ 13, attached as Ex. A to RFJN (Docket No. 11, Att. 1). On January 30, 2015, Plaintiffs filed a Petition for Review of both the December 3, 2014 decision and the January 16, 2015 order denying Plaintiffs' Motion for Rehearing, which the Idaho Supreme Court denied on February 24, 2015. *See id*. at ¶ 14. On February 25, 2015, the Idaho Supreme Court filed a Remittitur to the state district court, directing it to comply with the decision. *See id*. at ¶ 15. On May 21, 2015, Plaintiffs filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on April 25, 2016. *See id*. at ¶ 16.

[13] The record now before the Court does not discuss the current status of Plaintiffs' appeal in this latest regard.

[14] Ocwen notes that it is properly identified as Ocwen Loan Servicing, LLC. *See* Mem. in Supp. of MTD, p. 1 (Docket No. 13, Att. 1).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 7**

Plaintiffs again generally challenge the validity of the non-judicial foreclosure sale of the Property, alongside oblique allegations that they have attempted "to bring the house into honor but that [Ocwen] ha[s] gone through the motions of modifying, not holding the papered sale, and bad faith bargaining to modify/REO [(real estate owned)]/DPO [(discounted payoff)] only to have the deal changed time and time again and having the attorneys changed every time the deal seems to be finalized." Compl., ¶ 48 (Docket No. 1). Plaintiffs then assert the following claims against Ocwen: (1) Violations of the Truth in Lending Action (First Cause of Action); (2) Violations of the Real Estate Settlement Procedures Action (mistakenly identified as the Third Cause of Action); (3) Violations of the Consumer Protection Act (mistakenly identified as the Fourth Cause of Action); and (4) Intentional Infliction of Emotional Distress (mistakenly identified as the Fifth Cause of Action). *See id*. at ¶¶ 57-72.

11. In the pending Motion to Dismiss, Ocwen seeks to dismiss each of these claims and, correspondingly, this action – specifically, Ocwen argues that each of Plaintiffs' claims (1) is barred by the doctrine of *res judicata* or, alternatively, (2) fails as a matter of law. *See generally* Mem. in Supp. of MTD (Docket No. 13, Att. 1).

## REPORT/DISCUSSION

### A. Motion to Dismiss Standard

FRCP 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attached by an FRCP 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court has identified two "working principles" that underlie the decision in *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *See id*. "[FRCP] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *See id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Somewhat paradoxically, providing too much in the complaint may also be fatal to a plaintiff. For instance, dismissal may be appropriate when the plaintiff's allegations disclose some absolute defense or other bar to recovery. *See Weisbuch v. Cnty. of LA*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts.").

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 9**

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail, but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2008) (citations omitted).

The Court's review of Ocwen's Motion to Dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *See Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, pro se litigants are held to the same procedural rules as counseled litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "Persons appearing without attorneys are required to become familiar with and comply with all Local Rules of this District, as well as the Federal Rules of Civil and/or Criminal Procedure. In exceptional circumstances, the Court may modify these provisions to serve the ends of justice." D. Idaho Loc. Civ. R. 83.7.

**B.     Plaintiffs' Claims Are Barred by the Doctrines of Res Judicata and/or Claim Preclusion**

Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised" in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.*; *see also Farmers Nat'l Bank v. Shirley*, 878 P.2d 762, 767 (Idaho 1994). In other words, the "doctrine of res judicata bars a party from bringing a claim if a court

of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 528 (9th Cir. 1998).

Relevant here, the validity of the non-judicial foreclosure sale of the Property has already been decided on the merits, thus undermining the overall thrust of Plaintiffs' claims against Ocwen. For example, in their current Complaint, Plaintiffs allege that they obtained a mortgage loan for $256,000 in September 2005, and that the prior loan servicer granted them a loan modification but never actually intended to modify their loan. *See* Compl., ¶¶ 5-11 (Docket No. 1). Plaintiffs further claim that they attempted to bid on the Property at the foreclosure sale in May 2009, but were "denied the opportunity to bring the house into honor . . . ." *Id*. at ¶¶ 13-14. Consequently, according to Plaintiffs, there are four "different claimants that claim to have the right to enforce the [N]ote and possess[ ] the Deed of Trust, i.e., OneWest Bank, Deutsche Bank, Altisource, and Ocwen." *Id*. at ¶ 23. And, when they attempted to obtain a loan modification, Plaintiffs assert that their negotiations with Ocwen were unsuccessful. *See id*. at ¶¶ 25-44.

These allegations, however, are not unique to the pending action. Indeed, Plaintiffs raised the same claims in the 2009 State Court Action, challenging the foreclosure proceeding. *See generally* Compl, attached as Ex. B to RFJN (Docket No. 11, Att. 2). That proceeding was dismissed, with prejudice. *See* Order of Dismissal with Prejudice, attached as Ex. B to RFJN (Docket No. 11, Att. 2). And, in the 2010 Federal Action, Plaintiffs likewise contested the validity of the non-judicial foreclosure sale, while similarly alleging that OneWest violated RESPA and TILA. *See generally* Compl., attached as Ex. C to RFJN (Docket No. 11, Att. 3).

That proceeding was also dismissed based, in large part, on res judicata, with Judge Lodge concluding in no uncertain terms:

> While the Breinholts may have liked Aegis Wholesale Corp [(their lender)] to work with them on modifying their obligations, the fact remains the Breinholts point to no statutory authority that the Defendants had a legal obligation to take the action requested by the Breinholts.
>
> In reviewing the record in this matter, the Court acknowledges the Breinholts' frustration in trying to work out a solution on their family home of thirty years, but when the Breinholts' investments failed to provide them with the necessary monthly income to make their loan payments, the lender was entitled to take action to foreclose the property and sell it to another party. However, just because the state court action was dismissed with prejudice, does not create new rights for the Plaintiffs to seek a different outcome on their claims in federal court if such claims have been or should have been raised in the state court action.
>
> In applying the *Ghazali* dismissal factors to this case because the Breinholts did not respond to the motions to dismiss, the Court finds all the factors weigh in favor of dismissing the action. The public interest in an expeditious resolution of the litigation is important in this case so the title is clear as to the Star Lane property and litigants who have had their day in court in state court do not get to re-litigate the same issues in federal court. The Court needs to manage its docket and Plaintiffs have not provided any reason for this Court not to grant the motions to dismiss certain Defendants. There is risk of prejudice to the Defendants if the doctrine of res judicata is not fairly applied by the courts and Plaintiffs have had the opportunity for a disposition on the merits when it filed the state court case regarding this property. Finally, the Court is not aware of less drastic sanctions that Plaintiffs are entitled to as a matter of law.

2/18/11 MDO, pp. 7-8, attached as Ex. D to RFJN (Docket No. 11, Att. 4).[15] The 2010 Federal Action's dismissal was then upheld on appeal. *See* 11/7/16 Mem., pp. 2-3, attached as Ex. I to RFJN (Docket No. 11, Att. 9) (res judicata warranted dismissal "because the Breinholts' claims were raised, or could have been raised, in a prior state court action between the parties or their privies that resulted in a final judgment on the merits.").

---

[15] As discussed earlier, Judge Lodge also dismissed Plaintiffs' TILA claims as barred by the applicable statute of limitations, and dismissed Plaintiffs' fraud, breach of fiduciary duty, and FDCPA claims because the Plaintiffs' default on the underlying Note was undisputed. *See supra* (citing 2/18/11 MDO, p. 7, attached as Ex. D to RFJN (Docket No. 11, Att. 4).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 12**

Such congruities – in both the nature of claims between the earlier actions and this one, alongside the respective courts' disposition of those earlier actions – reveal to the undersigned that the first two requirements for precluding claims via res judicata (identity of claims and final judgment on the merits (*see supra*)) exist here. But Plaintiffs disagree, insisting that Ocwen's latest violations speak to a different party *after* the earlier actions, such that res judicata is inapplicable toward dismissing their claims. *See, e.g.*, Resp. to MTD, p. 2 (Docket No. 21) ("The alleged previous cases do not apply. The standard of Res Judicata fails to apply. 1. These violations have occurred after the claimed identity and privity. Although the same Regulatory laws are applied they are different violations by a separate perpetrator after the issues adjudicated in the other actions. 2. These claims have not been judge[d] and could not have been judged as they occurred afterwards. 3. Ocwen's violation[s] are separate and independent. Privity does not apply."); *see also* Mot. to Strike, pp. 1-2 (Docket No. 17) ("Plaintiffs are not raising any issues or claims from any of the previous cases. The current claims address nothing but fresh factual claims against the Defendants that occurred during the stay of the case pending appeal of the lower courts' decisions/orders/judgments. . . . . This lawsuit addresses the Defendants' conduct when Defendants and their attorneys engaged with Plaintiffs to finance the property identified in this lawsuit."). These arguments miss the point.

The common thread between Plaintiffs' previous cases and the one now pending before this Court is the implicit challenge to the non-judicial foreclosure proceeding, in addition to Plaintiffs' rejected efforts to modify their loan obligations. That is, the harm that Plaintiffs claim to have suffered, coupled with their orbiting causes of action, has evolved over time to consistently raise these same issues. However, the other lawsuits have put to rest those same

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 13**

challenges, and therefore the thread that ties Plaintiffs' overarching claims begins to unravel. Res judicata "bars not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made." *Lohman v. Flynn*, 78 P.3d 378, 386 (Idaho 2003). The "transactional concept of a claim is broad," and claim preclusion "may apply even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories." *Ticor Title v. Stanion*, 157 P.3d 613, 620 (Idaho 2007). Such is the case here. Though Ocwen was not a party to the 2009 State Court Action or the 2010 Federal Action,[16] Plaintiffs raise issues/claims challenging the 2009 foreclosure proceeding that have already been resolved; res judicata therefore applies to dismiss such matters moving forward.[17]

---

[16] As to the third requirement (identity or privity between parties (*see supra*)), the undersigned is satisfied that Ocwen is in privity with the defendants in these earlier cases – that is, that Ocwen shares a commonality of interest with OneWest and the Trust as Ocwen services the loan on behalf of the Trust. *See, e.g.*, *Trotter v. Bayview Loan Servicing*, 2015 WL 8966926, *5 (D. Idaho 2015) ("The Court finds that the named Defendants here, Bayview, PEAK Foreclosure Services and Pioneer Title of Ada County, possess a commonality of interest with the state court defendants sufficient to find privity exists. The new Defendants in this action are the successor trustee, a foreclosure service, and the servicing agent for the same loan which was the subject of both state court proceedings and is the subject matter of this action. Privity exists as the Defendants in this case are the successors in interest to the previously named state court defendants and their interests are the same as those of the defendants in the prior actions.").

[17] Though not entirely clear, this would include any cause of action challenging the validity of the 2009 foreclosure proceeding – arguably touching Plaintiffs' intentional infliction of emotional distress and Consumer Protection Act claims, given their relation to she same loan transaction. Moreover, Plaintiffs' TILA-related claim has already been rejected as untimely because Plaintiffs' default on the underlying Note was undisputed. *See* 2/18/11 MDO, p. 7, attached as Ex. D to RFJN (Docket No. 11, Att. 4) ("Further, any claims pursuant to TILA are barred by the applicable statute of limitations. As to any claims in the Complaint for fraud, breach of fiduciary duty, or violation of Fair Debt Collections Act, the Court finds Plaintiffs have not provided legal authority to be able to recover on these claims since the TILA claims are time barred and the Breinholts' default on the underlying note for the Star Lane property is undisputed.") (internal citation omitted). Finally, while Plaintiffs previously raised a RESPA claim in the 2010 Federal Action, Judge Lodge dismissed the entire action with prejudice. *See id*.

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 14**

*See,* e.g., *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) ("[I]f two actions involve the same injury to the plaintiff and the same wring by the defendant then the same primary right at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."); *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007) (so long as same primary right is at issue, res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

C.  **Notwithstanding the Potential Application of Res Judicata to Plaintiffs' Current Claims, they Nonetheless Fail to State a Claim**

    1.    <u>Plaintiffs' TILA Claim is Time-Barred</u>

As Judge Lodge already concluded, a claim for TILA damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S. C. § 1640(e). "The 'occurrence of the violation' is presumably the date the loan was finalized" – in this case, in 2005 (and apparently transferred to Ocwen in 2013 (*see* Compl., ¶ 19 (Docket No. 1)). *Shaw v. Lehman Bros Bank, FSB*, 2009 WL 790166, *4 (D. Idaho 2009). Plaintiffs' October 2016 Complaint is therefore beyond the applicable statute of limitations and, accordingly, Plaintiffs have no claim under any TILA damages argument.[18]

---

[18] Though not responding to any particular argument, Plaintiffs state that "[t]hese new actions are time tolled at the time they occurred by the perpetrator who committed them." Resp. to MTD, p. 2 (Docket No. 21); *see also id.* at p. 5. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "When a complaint is otherwise time-barred on its face, the plaintiff must allege

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 15**

2. Plaintiffs Have Not Stated a Claim for a RESPA Violation

RESPA claims brought under 12 U.S.C. § 2605 are subject to a three-year statute of limitations period, running from the date of the occurrence of the violation. *See* 12 U.S.C. § 2614. Defendants imply that the statute of limitations started to run at the closing of the loan transaction and, accordingly, "was time barred as of 2008." Mem. in Supp. of MTD, p. 12 (Docket No. 13, Att. 1). However, Plaintiffs' RESPA claim does not appear to be based on Ocwen's (or some other party in privity with Ocwen) failure to make required disclosures at the time of application or closing; rather, Plaintiffs seem to be alleging that, in 2015, they sent an inquiry to Ocwen that went unanswered in violation of RESPA. *See* Compl., ¶ 61 (Docket No. 1) ("Under RESPA, a written inquiry triggers obligations upon a servicer of a loan."); *see also* Resp. to MTD, p. 3 (Docket No. 21). If true, Plaintiffs' RESPA claim is *not* time-barred.

Even so, Plaintiffs' RESPA claim consist of nothing more than conclusory allegations that Ocwen violated RESPA. In general, under 12 U.S.C. § 2605(e), a loan servicer has a duty to respond to a borrower's valid "qualified written request," providing in pertinent part: "If any servicer of a federally related mortgage receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . ." 12 U.S.C. § 2605(e)(1)(A). It goes on to state that:

> a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes,

---

specific facts explaining the failure to learn the basis for the claim within the statutory period rather than relying on generalities." *Abels v. Bank of Am., N.A.*, 2012 WL 691790, *3 (N.D. Cal. 2012). Equitable tolling under federal law is reserved for "extreme cases" and "extraordinary circumstances." *Ilaw v. Daughters of Charity Hlth. Sys.*, 2012 WL 381240, *5 (N.D. Cal. 2012).

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 16**

or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Although Plaintiff alleges that they "sent a formal RESPA request by third party notary which [Ocwen] ha[s] not answered" (Resp. to MTD, p. 3 (Docket No. 21)), Plaintiffs fail to allege that their correspondence constituted a valid qualified written request as defined by the statute. Moreover, there is no indication that Ocwen (or some other party in privity with Ocwen) did not respond to Plaintiffs' request. At most, Plaintiffs' RESPA claim reflects a disagreement with the response received. *See id.* Without more, this does not constitute a basis for a RESPA claim.[19]

      3.    <u>Plaintiffs' Consumer Protection Act Claim Fails as a Matter of Law</u>

Plaintiffs generally assert that Ocwen "breached [its] fiduciary duties to Plaintiffs" and that Ocwen's acts "constitute unfair and deceptive practices that occur in their trade or commerce, which amounts to unlawful Usury and Unjust Enrichment." Compl., ¶¶ 64-65 (Docket No. 1). These allegations fail to state a claim for violation of consumer protection laws. First, these allegations are too vague and conclusory to meet the pleading requirements of *Iqbal* and *Twombly*. Second, Plaintiffs do not specify which section of the Consumer Protection Act Ocwen allegedly violated. Simply put, more is needed to support a Consumer Protection Act claim. *See, e.g.*, *Mussell v. Federal Home Loan Mortg. Corp.*, 2015 WL 6163440, *5-6 (D. Idaho 2015); *Mortensen v. BAC Home Loans Servicing, LP*, 2013 WL 943810, *5-6 (D. Idaho 2013); *Cherian v. Countywide Home Loans, Inc.*, 2012 WL 5879281, *5 (D. Idaho 2012).

---

Whether Plaintiffs' RESPA claim should be dismissed with prejudice (such that an amendment would be futile) is appropriately within the province of Judge Lodge upon consideration of this Report and Recommendation. However, as described earlier, Judge Lodge previously dismissed the 2010 Federal Action, including Plaintiffs' RESPA claim, with prejudice.

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 17**

4. <u>The Intentional Infliction of Emotional Distress Claim Fails as a Matter of Law</u>

"To prevail on a claim for intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Mortensen v. Stewart Title Guar. Co.*, 235 P.3d 387, 396 (Idaho 2010). "To be actionable, the conduct must be so extreme as to arouse an average member of the community to resentment against the defendant, and must be more than unreasonable, unkind, or unfair." *Id*. at 394 (internal quotation marks omitted).

Here, as a matter of law, Plaintiffs' allegations do not rise to the level of outrageous conduct required to state a claim upon which relief may be granted. In view of the fact that Plaintiffs make no claim that they did not owe the mortgage debt, or that it was not in default, it is not possible that Ocwen's alleged refusal to modify the loan was "outrageous" conduct. *See Sykes v. Mortg. Elec. Registration Sys.*, 2012 WL 914922, *5 (D. Idaho 2012) (in fiduciary duty context, "[t]here is no duty under the Idaho Trust Deeds Act or the Deed of Trust for the trustee to stop a foreclosure upon request of a borrower who is attempting to obtain a loan modification . . ."). In short, as a matter of law, Plaintiffs' allegations are not adequate to constitute conduct or actions sufficient to establish a claim for intentional infliction of emotional distress. *See, e.g.*, *Mortensen*, 2013 WL 943810 at *6; *Sykes v. Pioneer Title of Ada Co.*, 2013 WL 458343, *9 (D. Idaho 2013).

**RECOMMENDATION/ORDER**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (Docket No. 13) be GRANTED.

**REPORT AND RECOMMENDATION / DECISION AND ORDER - 18**

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

Additionally, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Preliminary Injunction (Docket No. 4) is DENIED AS MOOT; and

2. Plaintiffs' Motion to Strike Defendant's Request to Take Judicial Notice for Lack of Relevancy (Docket No. 17) is DENIED.

DATED: **August 23, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge